UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GARDEN CITY BOXING CLUB, INC.,                    NOT FOR PUBLICATION
                                                  **MEMORANDUM & ORDER**
                Plaintiff,                        06-CV-4893 (CBA) (RER)

        -against-
                                                  **FILED**
FOUR ROS ENTERPRISE, INC., d/b/a MARIA            IN CLERK'S OFFICE
BONITA CAFÉ and ADOLFO MORALES,                   U.S. DISTRICT COURT E.D.N.Y.

                                                  ★ SEP - 2 2015 ★
                Defendants.
------------------------------------------------------------x                BROOKLYN OFFICE

**AMON, Chief United States District Judge:**

Plaintiff Garden City Boxing Club, Inc. ("Garden City") filed this action on September 8, 2006, alleging that defendants Four Ros Enterprise, Inc., doing business as Maria Bonita Café, ("Four Ros") and Adolfo Morales had violated the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605. (D.E. # 1, Compl. ¶ 1.) Both defendants failed to answer, and the Clerk of Court entered their defaults accordingly on January 19, 2007. (D.E. # 6.) Garden City's subsequent motion for a default judgment against both defendants was referred to the Honorable Ramon E. Reyes, United States Magistrate Judge, for Report and Recommendation ("R&R"). (D.E. # 5, 10.)

Magistrate Judge Reyes recommended that the Court enter default judgment against Four Ros in the amount of $3,850. (R&R, D.E. # 12, at 1–8.) Magistrate Judge Reyes recommended, however, that default judgment be denied and the complaint dismissed as to Morales, because Garden City had not established that Morales possessed an ownership or supervisory interest in Four Ros sufficient to hold him vicariously liable for its conduct. (R&R at 3.) On June 5, 2007, this Court adopted the R&R in its entirety and directed the Clerk of Court to enter judgment accordingly. (D.E. #14.) On June 7, 2007, the Clerk entered judgment in the amount of $3,850

1

against both Four Ros Enterprise and Morales. (D.E. # 15.) That judgment was levied against Morales' bank account on July 6, 2015. (Letter dated 8/18/2015, D.E. # 17.)

Pursuant to Federal Rule of Civil Procedure 60(a), a district court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment," "on motion or on its own, with or without notice," provided that no appeal has been taken.[1] Such corrections are appropriate "where the judgment has failed accurately to reflect the actual decision of the decision maker." Robert Lewis Rosen Assocs., Ltd. v. Webb, 473 F.3d 498, 504 (2d Cir. 2007) (quoting In re Frigitemp Corp., 781 F.2d 324, 327 (2d Cir. 1986)). Here, the judgment entered against Morales did not reflect the determination made by Magistrate Judge Reyes, and adopted by this Court, that Garden City had not sufficiently established that Morales was vicariously liable for the conduct of Four Ros. Thus, the judgment entered against Morales did not "reflect[] the way in which the rights and obligations of the parties [were] in fact adjudicated." In re Frigitemp, 781 F.2d at 327.

That error now having come to the Court's attention, Rule 60(a) enables the Court to make the corrections necessary to ensure that the judgment "reflect[s] the actual intent of the court." Paddington Partners v. Bouchard, 34 F.3d 1132, 1140 (2d Cir. 1994). Accordingly, the Clerk of Court is directed to vacate the judgment entered against Morales on June 7, 2007.

SO ORDERED

Dated: Brooklyn, New York
September | , 2015

/s/

Carol Bagley Amon
Chief United States District Judge

---

[1] No appeal was taken in this action.